UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9549-JLS (KK) | Date | October 13, 2015 |
|---|---|---|---|
| Title | Elissa Rubenstein v. Whittier Police Department, et al. | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order To Show Cause Why Action Should Not Be Dismissed For Failure To Prosecute And Comply With Court Orders

## I.
## PROCEDURAL HISTORY

On October 23, 2014, Plaintiff Elissa Rubenstein ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a Fifth Amended Complaint ("FAC") against defendants Whittier Police Department Officers Ed Nyberg, Jason Plank, Jose Bolanos, Mike Karson, Richard Jensen, David Cheng, and Jason Esquivel ("Defendants").  ECF Docket No. ("Dkt.") 26.  The FAC alleges clams arising under 42 U.S.C. § 1983 and the Fourth Amendment.  Id.

On October 27, 2014, the Court issued an Order Directing Service of Process by the United States Marshal.  Dkt. 24.

On April 24, 2014, Defendants filed an answer to the FAC.  Dkt. 54.

On April 24, 2014, the Court issued a Case Management and Scheduling Order ("Order") which required, among other things, the parties to each file and serve a status report no later than September 25, 2015.  Dkt. 55.

As of October 13, 2015, Plaintiff has failed to file her required status report.[1]

---

[1] The Court notes Defendants have also failed to file their required status report.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9549-JLS (KK) | Date | October 13, 2015 |
|---|---|---|---|
| Title | Elissa Rubenstein v. Whittier Police Department, et al. | | |

## II.
## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action with prejudice for lack of prosecution or for failure to comply with any court order. See Fed. R. Civ. P. 41(b).

Here, Plaintiff has failed to file a status report, and thus, failed to comply with the Court's April 24, 2014 Order. Consequently, under Federal Rule of Civil Procedure 41(b), the Court may dismiss the instant action with prejudice for failure to prosecute and comply with a court order. Fed. R. Civ. P. 41(b). However, before dismissing this action, the Court will afford Plaintiff an opportunity to explain her failure to file a status report as directed by this Court's Order.

## III.
## ORDER

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for failure to prosecute and comply with court orders. Plaintiff shall have up to and including **October 27, 2015** to respond to this Order. The Court cautions Plaintiff that the Court will deem her failure to timely file a response to this Order as consent to the dismissal of this action with prejudice.