UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISSA RUBENSTEIN,<br><br>    Plaintiff,<br>  v.<br>WHITTIER POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. CV 13-9549-JLS (KK)<br><br>FINAL REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

  This Final Report and Recommendation is submitted to the Honorable Josephine L. Staton, United States District Judge, pursuant to Title 28 of the United States Code, section 636 and General Order 194 of the United States District Court for the Central District of California.

## I.

## **INTRODUCTION**

  Plaintiff Elissa Rubenstein ("Plaintiff"), who is at liberty and has been granted leave to proceed <u>in forma pauperis</u>, filed a <u>pro se</u> Fifth Amended Complaint pursuant to Title 42 of the United States Code, section 1983 ("Section 1983"). Plaintiff sues defendants Whittier Police Department Officers Nyberg, Plank, Bolanos, Karson, Jensen, Cheng, and Esquivel ("Defendants") for alleged Fourth Amendment violations arising out of a search and seizure that occurred on

February 4, 2009. Defendants have now filed a Motion for Summary Judgment, arguing Plaintiff's action is untimely. For the reasons discussed below, the Court recommends **GRANTING** the Motion for Summary Judgment.

## II.
## ALLEGATIONS OF THE FIFTH AMENDED COMPLAINT

According to the Fifth Amended Complaint ("FAC"), on the afternoon of February 4, 2009, Plaintiff sustained injuries after driving her vehicle into a parked car. ECF Docket No. ("Dkt.") 26, FAC at 12-13, 18; see also Dkt. 66-1, Decl. Carmen Vasquez & Exs. Supp. Mot. Summ. J. at 46. Suffering from "severe bleeding," Plaintiff left the accident scene and drove to her home. Dkt. 26 at 12; see also Dkt. 66-1 at 46.

Approximately twenty minutes after the accident, Defendants barged into Plaintiff's home without knocking or requesting Plaintiff's consent to enter. Dkt. 26 at 12-13. Defendants lacked a warrant and probable cause. Id. Believing Plaintiff to have been driving under the influence of alcohol, Defendants confined Plaintiff to a chair and interrogated her. Id. at 12-14. Throughout the interrogation, Plaintiff remained compliant, asserted she was not intoxicated, and admitted she regretted leaving the accident scene. Id. at 13. Despite Plaintiff's statements, Defendants interrogated her for about two hours, although they did not administer a standard drunk driving test. Id. at 12, 14. Further, believing Plaintiff to be engaged in illegal drug use, Defendants searched Plaintiff's desk drawers, bathroom medicine cabinet, and handbag. Id. at 12-13. Upon finding Plaintiff's prescription medications, Defendants accusingly asked Plaintiff the purpose of each prescribed medication. Id. at 13.

At some point during these events, Plaintiff's fiancé's mother checked on Plaintiff and requested that Defendants leave, but Defendants disregarded her request. Id. at 15. An ambulance subsequently transported Plaintiff to a hospital and Defendants questioned her again before doctors and nurses treated her for

physical injuries arising from the accident.  Id.

Plaintiff claims "[t]he actions of all seven Defendants . . . led to a downward spiral for Plaintiff," and Defendants caused her emotional and mental instability.  Id. at 17.  Plaintiff further claims she "suffered psychosis on a number of occasions following Defendants' injurious treatment of her," and had to visit several hospitals and psychiatric institutions.  Id. at 18, 20, 22.

## III.
## PROCEDURAL AND FACTUAL HISTORY

On December 30, 2013, over four and a half years after the alleged incident, Plaintiff filed the instant action.  Dkt. 1, Compl.  Plaintiff ultimately filed the FAC[1] which was ordered served on Defendants.  See Dkt. 24, Order Directing Service of Process.

On January 6, 2015, Defendants filed a Motion to Dismiss the FAC as untimely and for failure to state a claim.  Dkt. 39, Mot. Dismiss FAC.  Following briefing, and after receiving objections from Plaintiff alleging her mental impairments entitled her to tolling, the Court denied the Motion to Dismiss without prejudice.  Dkt. 53, Order Denying Mot. Dismiss FAC.

After conducting discovery, Defendants filed the instant Motion for Summary Judgment ("Motion").  Dkt. 66, Mot.  Defendants renew their request to dismiss the FAC as untimely.  Id.  Defendants present new and undisputed facts regarding Plaintiff's conduct after the February 4, 2009 incident to demonstrate Plaintiff's alleged mental impairments do not entitle her to tolling.

---

[1]   Plaintiff's original Complaint, First Amended Complaint, Second Amended Complaint, Third Amended Complaint, and Fourth Amended Complaint were each screened pursuant to Title 28 of the United States Code, section 1915(e)(2)(B), and dismissed with leave to amend.  See Dkt. 8, Order Dismissing Compl.; Dkt. 11, Order Dismissing First Am. Compl.; Dkt. 14, Order Dismissing Second Am. Compl.; Dkt. 20, Order Dismissing Third Am. Compl.; Dkt. 23, Order Dismissing Fourth Am. Compl.

Following the February 4, 2009 incident with Defendants ("incident"), Plaintiff volunteered at Presbyterian Intercommunity Hospital ("PIH"). Dkt. 67, Statement of Uncontroverted Facts ("SUF"), ¶ 10;[2] see Dkt. 66-1 at 31. Plaintiff had passed PIH's background test and began PIH's volunteer training program shortly before the incident. Dkt. 66-1 at 42. After the incident, Plaintiff continued to volunteer at PIH's neonatal and surgery waiting desks. Id. at 31. In mid-2009, Plaintiff felt "[v]ery well" and "enjoyed the work," so she increased her volunteer hours to eight hours a week. Id. at 44-45. By the end of 2009, Plaintiff had volunteered approximately 400 hours at PIH. Id. at 32.

Other than initial treatment on the date of the incident, Plaintiff admits she did not "seek medical treatment as a result of the incident . . . until February 17, 2010." Id. at 49-50. Specifically, Plaintiff had not received any mental health treatment, nor had she been committed to any mental health facility. Id. at 32, 49-50. On February 17, 2010, over one year after the incident, Plaintiff was admitted to a mental health facility and released on February 26, 2010. SUF ¶ 16.

In September 2010, Plaintiff started a three-month course for a nursing assistant certificate at a career college. Id. ¶¶ 14-15; Dkt. 66-1 at 33-34. Plaintiff continued the course until its completion in December 2010. SUF ¶ 14; Dkt. 66-1 at 36. In December 2010, Plaintiff took written and clinical California license tests for a nursing assistant certificate. SUF ¶ 15; Dkt. 66-1 at 36. Plaintiff successfully passed both tests on her first attempt. Id.

Plaintiff does not dispute the facts presented in support of the Motion, but argues her action did not accrue until 2013 because she "had not experienced the full brea[d]th of [her] injury and pain and suffering and had only then emerged from many lengthy stays at mental health facilities." Dkt. 72, Opp'n at 4-7.

---

[2] Unless otherwise noted, cited evidence is undisputed. The parties make no objections or if the parties object, the Court overrules those objections.

On January 25, 2016, the Court issued its original Report and Recommendation ("R & R") recommending Plaintiff's action be dismissed as untimely. Dkt. 74, R & R. On February 3, 2016, Plaintiff filed Objections to the R & R ("Objections"). Dkt. 75, Objs. The Court herein issues this Final Report and Recommendation, addressing Plaintiff's Objections in footnote 4 and section V.C.2.

## IV.
## LEGAL STANDARD

Federal Rule of Civil Procedure 56 permits summary judgment if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A factual dispute is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

An affidavit or declaration may be used to support or oppose a motion for summary judgment, provided it is "made on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). When ruling on a motion for summary judgment, the district court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Summary judgment is therefore not appropriate "where contradictory inferences may reasonably be drawn from undisputed evidentiary facts." Hollingsworth Solderless Terminal Co. v. Turley, 622 F.2d 1324, 1335 (9th Cir. 1980). Further, the Court must not make credibility determinations with respect to the evidence offered. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987) (citing Matsushita, 475 U.S. at 587).

1  Moreover, pursuant to Central District of California Local Rule 56-3, the
2  Court assumes the material facts as claimed and adequately supported by the
3  moving party are admitted to exist without controversy.[3]

## V.

## DISCUSSION

**A.  PLAINTIFF'S ACTION IS UNTIMELY, ABSENT TOLLING.**

**(1)  Applicable Law**

"Federal law determines when a civil rights claim accrues." Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004) (citing Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001)). Under federal law, a Section 1983 claim challenging the validity of a search and seizure accrues on the date of the search and seizure. Matthews v. Macanas, 990 F.2d 467, 469 (9th Cir. 1993).

State law determines the applicable statute of limitations. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Plaintiff has filed a civil rights complaint pursuant to Section 1983. Hence, the applicable statute of limitations is California's statute of limitations for personal injury actions. Id. California's statute of limitations for personal injury actions is set forth in California Code of Civil Procedure section 335.1 ("Section 335.1"), which states a personal injury action must be filed within two years after the action accrued. Cal. Civ. Proc. Code § 335.1.

///

---

[3] "In determining any motion for summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." C.D. Cal. L.R. 56-3. However, Plaintiff filed neither a Statement of Genuine Disputes, nor a declaration or other written evidence with her Opposition to the Motion. See Dkt. 72.

6

**(2) Analysis**

Here, because Plaintiff challenges the validity of an alleged February 4, 2009 search and seizure, her action accrued on February 4, 2009, and expired two years later on February 4, 2011. See Matthews, 990 F.2d at 469; Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927.

Plaintiff's claim that she is entitled to an accrual date sometime in 2013 because she "could not begin to process earlier than the year 2013 because [she] had not experienced the full brea[d]th of [her] injury and pain and suffering and had only then emerged from many lengthy stays at mental health facilities" is meritless. Dkt. 72 at 4-7. First, Plaintiff's claim she did not appreciate the scope of her injuries until a later date does not warrant a later accrual date because federal law clearly states an action challenging the validity of a search and seizure accrues on the date of the search and seizure. See Matthews, 990 F.2d at 469. Second, Plaintiff admits she did not receive any mental health treatment for injuries allegedly arising from the incident until February 17, 2010, which undermines her unsupported claim that mental injuries precluded her from timely discovering and filing her action. See Dkt. 66-1 at 49-50. Finally, on October 28, 2011, Plaintiff filed an administrative claim against the City of Whittier relating to damages allegedly arising from the incident, Dkt. 26 at 3, which further refutes any contention she is entitled to a 2013 accrual date.

Accordingly, because Plaintiff did not lodge her original Complaint until December 30, 2013, over two years and ten months (i.e. 1,060 days) after the statute of limitations expired, it is barred by Section 335.1 absent tolling. See Dkt. 3, Compl. at 1.

**B. STATUTORY TOLLING FOR "INSANITY" FAILS TO RENDER THIS ACTION TIMELY.**

**(1) Applicable Law**

For actions under Section 1983, federal "courts apply the forum state's . . .

law regarding tolling except to the extent any of these laws is inconsistent with federal law." Jones, 393 F.3d at 927. Under California law, tolling for "insanity" is provided "[i]f a person . . . is, at the time the cause of action accrued . . . lacking the legal capacity to make decisions." Cal. Civ. Proc. Code § 352(a) ("Section 352(a)"). A plaintiff seeking Section 352(a) tolling bears the burden of establishing such tolling applies. Hinton v. Pac. Enterprises, 5 F.3d 391, 395 (9th Cir. 1993) (stating "[t]he burden of alleging facts which would give rise to tolling falls upon the plaintiff").

A plaintiff is entitled to Section 352(a) tolling for "insanity" only if she shows she was continuously "incapable of caring for [her] property or transacting business or understanding the nature or effects of [her] acts" at the time her cause of action accrued. Pearl v. Pearl, 177 P. 845, 846 (Cal. 1918); Cal. Civ. Proc. Code § 357 (stating "[n]o person can avail h[er]self of a disability, unless it existed when h[er] right of action accrued"); see Alcott Rehab. Hosp. v. Superior Court, 112 Cal. Rptr. 2d 807, 812 (Cal. Ct. App. 2001); Weinstock v. Eissler, 36 Cal. Rptr. 537, 549 (Cal. Ct. App. 1964). The fact a plaintiff has suffered from mental impairments is insufficient alone to show insanity for Section 352(a) tolling. Snyder v. Boy Scouts of Am., Inc., 253 Cal. Rptr. 156, 159 (Cal. Ct. App. 1988) (stating plaintiff's "'post-traumatic syndrome' does not constitute insanity under the statute"). Even a finding that a plaintiff was "mentally ill" and had been committed to a mental health facility are insufficient alone to show insanity for Section 352(a) tolling. Hsu v. Mt. Zion Hosp., 66 Cal. Rptr. 659, 664 (Cal. Ct. App. 1968).

**(2) Analysis**

Here, Plaintiff fails to show she was continuously insane from the time her cause of action accrued for Section 352(a) tolling. Plaintiff has presented no evidence to establish she was continuously "incapable of caring for [her] property or transacting business or understanding the nature or effects of [her] acts" at the

time her cause of action accrued. See Pearl, 177 P. at 846; Cal. Civ. Proc. Code § 357.

To the contrary, undisputed facts establish Plaintiff cared for her property, transacted business, and understood the nature or effects of her acts at the time her cause of action accrued. It is undisputed Plaintiff volunteered at PIH's neonatal and surgery waiting desks promptly after the February 4, 2009 incident. SUF ¶ 10; see Dkt. 66-1 at 31. In mid-2009, Plaintiff felt "[v]ery well" and "enjoyed the work," so she increased her volunteer hours. Dkt. 66-1 at 44-45. By the end of 2009, Plaintiff had volunteered approximately 400 hours at PIH and was not committed to any mental health facilities. Id. at 32.

From September 2010 to December 2010, Plaintiff attended a three-month course for a nursing assistant certificate at a career college. SUF ¶¶ 14-15; Dkt. 66-1 at 33-34, 36. In December 2010, Plaintiff took written and clinical California license tests for a nursing assistant certificate, and passed both tests on her first attempt. SUF ¶ 15; Dkt. 66-1 at 36. Thus, Plaintiff's activities after Defendants' alleged misconduct -- including her volunteer work, career college studies, and obtaining a nursing assistant certificate -- refute any claim Plaintiff was continuously insane from the time the cause of action accrued. See Cal. Civ. Proc. Code § 352(a); Alcott Rehab. Hosp., 112 Cal. Rptr. 2d at 812.

Plaintiff's Opposition fails to establish a genuine issue of material fact regarding whether she qualifies for Section 352(a) tolling. See Dkt. 72. To the extent Plaintiff contends her mental health issues demonstrate insanity under Section 352(a), her claim fails because mental impairments alone are insufficient. See Snyder, 253 Cal. Rptr. at 159.

Further, although Plaintiff was admitted to a mental health facility from February 17, 2010 to February 26, 2010, SUF ¶ 16, this brief hospitalization fails to show insanity for Section 352(a) tolling. See Hsu, 66 Cal. Rptr. at 664. Similarly, although Plaintiff provides medical records showing she was

intermittently treated and hospitalized for mental health issues from April 20, 2008 to December 23, 2012, Dkt. 75 at 22-85; see Dkt. 51, Certification of Elissa Rubenstein at 40-68, 75-112, 119-24, 142-69,[4] such treatment fails to show Plaintiff was continuously insane from February 4, 2009 to December 30, 2013. See Hsu, 66 Cal. Rptr. at 664.

   Accordingly, Plaintiff has not met her burden of establishing entitlement to statutory tolling under Section 352(a).

///

///

---

[4]  The medical records submitted by Plaintiff in a March 3, 2015 filing show mental health treatment for the following twelve periods:

 (1) March 1, 2010 to March 5, 2010, Dkt. 51 at 70-71;
 (2) October 12, 2010, id. at 119-24;
 (3) November 3, 2010 to November 16, 2010, id. at 66-68;
 (4) March 1, 2011 to March 7, 2011, id. at 63-65;
 (5) May 20, 2011 to May 30, 2011, id. at 60-62;
 (6) June 25, 2011 to July 5, 2011, id. at 57-59;
 (7) August 27, 2011 to September 14, 2011, id. at 93-112;
 (8) January 28, 2012 to March 2, 2012, id. at 75-92;
 (9) July 20, 2012 to July 22, 2012, id. at 142-57;
 (10) August 6, 2012 to August 13, 2012, id. at 50-56;
 (11) November 20, 2012 to November 27, 2012, id. at 40-49; and
 (12) December 21, 2012 to December 23, 2012, id. at 158-69.

 Although Plaintiff failed to include these records in her Opposition, she has now submitted them as part of her Objections. Dkt. 75. The Court, however, had already considered the medical records in the original Report and Recommendation due to Plaintiff's pro se status. Cf. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) (stating "[i]n civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt"). Thus, the Court's analysis of this issue remains unchanged.

C.  **EQUITABLE TOLLING FAILS TO RENDER THIS ACTION TIMELY.**

**(1)  Applicable Law**

"As a general matter, equitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued h[er] rights diligently but some <u>extraordinary circumstance</u> prevent[ed] h[er] from bringing a timely action." <u>Lozano v. Montoya Alvarez</u>, 134 S. Ct. 1224, 1231-32, 188 L. Ed. 2d 200 (2014) (emphasis added).  Where a plaintiff filed an administrative claim for an alleged wrongdoing and later files a lawsuit for the same wrongdoing, the plaintiff may claim equitable tolling for the period in which her administrative claim remained pending.  <u>Collier v. City of Pasadena</u>, 191 Cal. Rptr. 681, 685 (Cal. Ct. App. 1983).  A plaintiff claiming entitlement to equitable tolling for the time she pursued administrative remedies, or for any other reason, must show: (1) timely notice to the defendants; (2) lack of prejudice to the defendants; and (3) reasonable and good faith conduct on the part of the plaintiff.  <u>Id.</u>; <u>Addison v. State of California</u>, 578 P.2d 941, 943-44 (Cal. 1978).

With respect to the notice requirement, "the filing of the first claim must alert the defendant[s] in the second claim of the need to begin investigating the facts which form the basis for the second claim.  Generally this means that the defendant[s] in the first claim [are] the same one[s] being sued in the second." <u>Collier</u>, 191 Cal. Rptr. 681, 685.  Courts have permitted exceptions to this general rule, and allowed equitable tolling in limited circumstances where the first action put the defendants in the second action on notice of "the need to begin to investigate facts that form the basis of the second claim." <u>Hopkins</u>, 170 Cal. Rptr. 3d at 563 (individual defendant business owners received timely notice when plaintiff filed a prior workers' compensation claim against defendants' business); <u>Collier</u>, 191 Cal. Rptr. at 685 (defendant had timely notice where plaintiff previously filed an administrative claim with a pension plan administrator because

defendant controlled the pension plan administrator).

**(2)   Analysis**

In her Objections, Plaintiff argues entitlement to equitable tolling for the period in which her administrative claim against the City of Whittier ("City") was pending. Dkt. 75 at 7-8; see Dkt. 26 at 3-5. However, Plaintiff fails to establish (1) timely notice to Defendants; (2) lack of prejudice to Defendants; and (3) reasonable and good faith conduct on the part of the Plaintiff. Addison, 578 P.2d at 943-44.

First, Plaintiff presents no evidence showing the individual Defendants in this case had timely notice of Plaintiff's administrative claim against the City. See Dkt. 26 at 3-5; Collier, 191 Cal. Rptr. 681, 685. The administrative claim named only the City, not the individual Defendants in the instant action. Dkt. 26 at 3-5. In fact, the administrative claim form provided a space for Plaintiff to state the name of the individual officers who allegedly committed wrongdoing, but Plaintiff left the space blank. See id. at 3. Plaintiff, thus, fails to demonstrate her administrative claim put Defendants on notice of "the need to begin to investigate facts." See Hopkins, 170 Cal. Rptr. 3d at 563.

Second, Plaintiff has not established Defendants would not be prejudiced from having to defend against the action filed nearly five years after the February 4, 2009 incident and from having to rely on "deteriorated evidence." See Structural Steel Fabricators, Inc. v. City of Orange, 46 Cal. Rptr. 2d 867, 870 (Cal. Ct. App. 1995) (citation omitted).

Finally, Plaintiff fails to establish reasonable and good faith conduct on her part. In addition, Plaintiff fails to establish how long the administrative claim was pending. Therefore, even assuming equitable tolling applied, Plaintiff fails to meet her burden of showing the claim was pending for the 1,060 days necessary to

render her action timely.[5]

Accordingly, Plaintiff has not met her burden of establishing entitlement to equitable tolling.

## VI.
## **RECOMMENDATION**

It is, therefore, recommended the Court issue an order: (1) accepting and adopting this Final Report and Recommendation; (2) granting Defendants' Motion for Summary Judgment; and (3) dismissing Plaintiff's action with prejudice.

DATED: FEBRUARY 10, 2016  _____

HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff has not argued entitlement to equitable tolling based on her mental health issues. The Court nevertheless notes Plaintiff's mental health issues are insufficient to warrant equitable tolling due to Plaintiff's inability to demonstrate timely notice and lack of prejudice to the Defendants, and reasonable and good faith conduct on the part of the Plaintiff. See Addison, 578 P.2d at 943-44. Moreover, assuming arguendo equitable tolling for the 123 days in which Plaintiff received psychiatric treatment and hospitalizations, Plaintiff's action -- which is untimely by 1,060 days -- would remain time-barred.

13